# CITY OF PORTLAND *v.* KAMM.

10  383
23  259
31* 654

STREET IMPROVEMENTS—DAMAGES, HOW ESTIMATED.—The damages for laying out and establishing a public street across the lands of an individual should be estimated according to the probable condition thereof after the street shall have been opened, improved and rendered fit for use for ordinary street purposes. The cost of such opening and improvement, although charged exclusively against the land fronting and abutting upon such street, by charter provision, cannot be considered in estimating the amount of damages; such charge being in the nature of a tax imposed upon the ownership in the land for the purposes of municipal government, and having no natural connection whatever with the injury to the land itself, occasioned by the opening and improvement of the street. The damages to the entire lot or tract are to be estimated.

IDEM—EVIDENCE.—The probable grade and condition of the street, when opened, improved and rendered fit for public use, are proper subjects for the consideration of the jury in estimating such damages; and for this purpose it is competent to prove the officially established grades of adjacent or connecting streets; and also to prove by qualified witnesses the existing grades, on the proposed street, and the changes necessary to render it practicable.

APPEAL from Multnomah County.

*Dolph, Bronaugh, Dolph & Simon,* for appellant.

*S. W. Rice,* for respondent Kamm.

By the Court, WATSON, C. J.:

This was an appeal to the circuit court from an assessment of the damages and benefits occasioned by the extension of Salmon street through a tract of land belonging to the appellant, in the city of Portland. From the decision of the circuit court on such appeal, the cause has been appealed to this court. A question has been presented as to the meaning and constitutionality of sec. 7 of the act of December 19, 1865, entitled "An act to authorize the city of Portland to open, lay out and widen streets and alleys, and to appropriate private property therefor," which section provides that any number of persons, affected by the assessment of damages or benefits, arising out of the appropriation of land for a public street or alley, may "join" in an appeal therefrom to the circuit court, and that "all such appeals from such assessments shall be tried as one action, and the only question to be determined by such appeal shall be the question of damages and benefits;" also a question as to the proper practice, in such cases, in regard to the allowance of peremptory challenges, by the several defendants, during the formation of the jury to determine the amount of damages and benefits resulting to each.

But as the provisions of this section has been repealed, and we have concluded that the decision of the circuit court must be reversed on other grounds, we shall not attempt to discuss or determine either of the questions alluded to.

The first assignment of error which we deem it necessary to notice, relates to the ruling of the circuit court, allowing the respondent's counsel to ask H. S. Allen, one of the respondent's witnesses, the following question: "What, in your opinion, is the damage to that portion of the tract of land belonging to defendant Kamm, which lies within 100

feet of the proposed street by reason of laying out of said street; you may state separately the damages to those portions lying on each side of the proposed street?" The appellant's counsel objected to the question as "incompetent and irrelevant." We cannot see that it was either. It may not have gone far enough, but it certainly was "competent and relevant" as far as it did go. The appellant was entitled to all the damages resulting to his entire tract, and it would have been error in the circuit court to have limited the investigation to any portion, or within any boundaries not including the whole; but the ruling in question involves no such restriction. The limit of 100 feet prescribed in sec. 4 of the act above mentioned, does not apply to a case like the present. This seems plain enough from the mere reading of the section itself. But inasmuch as it does not appear from the record that any of the rulings of the circuit court, of which appellant complains, was predicated upon a different construction of the provisions of this section, the assignment of error we have been considering cannot be sustained. The objections urged by the appellant here to the instructions given by the circuit court to the jury on the trial, and excepted to by him, appear to us wholly untenable. As we understand them, they embody the principle that the amount of damages should be estimated according to the probable condition of the appellant's land after the street shall have been opened, improved, and rendered fit for use for ordinary street purposes; and that the jury could not take into consideration the probable cost and expense of opening and improving the street in estimating his damages. Although such costs and expenses, under the city charter, are charged exclusively upon the land fronting and abutting on such street, still it cannot be said that they constitute any part of the damages to the land, resulting from the establishment

and opening of the public street through it. This charge is in the nature of a tax imposed by the municipal government, to enable it to open and improve the public streets. It has no natural connection whatever with the injury done to the land itself by the opening and improvement of such streets. It is plain that if the appellant could get the amount of such cost and expenses from the city, in this proceeding, that he would escape the burden imposed upon the ownership of land which fronts and abuts upon public streets, to furnish the necessary means for their opening and improvement. But it is not so apparent how the city might proceed, under the circumstances supposed, to procure the necessary means for accomplishing those objects.

The testimony of W. S. Chapman, formerly city surveyor, and the table of street grades established by the municipal authority in connection with the map of the proposed street and adjacent blocks, and streets made by Chapman as city surveyor, and showing the established grades of adjacent and connecting streets, as well as the existing grades of such proposed street, ascertained by actual measurement, offered by the appellant as evidence on his own behalf at the trial, and excluded by the circuit court upon the objection of respondent's counsel for incompetency and irrelevancy, seem to us to have been clearly admissible, under the law, and in accordance with the principle announced in the first portion of the foregoing instructions to the jury. The probable grade and condition of the street, when it should be opened, improved and rendered fit for use for ordinary street purposes, were not only proper but necessary subjects for the consideration of the jury, in estimating the amount of damages to result from the establishment of the street through the land of the appellant. The witness, Chapman, was shown to be a competent and experienced civil engineer and surveyor, and to

have been city surveyor for many years. As such officer, he had located and surveyed the proposed street in question, ascertained the grade at various points, made the map referred to, and marked upon it the grade so ascertained by him. The circuit court refused to allow said table of grades and map to be given in evidence before the jury, and refused to allow the witness to testify as to the grade upon which said street would have to be constructed to render it of any practical utility as a public street. This evidence all tended to prove what the grade of the proposed street would be, when opened up, improved and made practicable; and its rejection was material error. (Wills on Eminent Domain, secs. 162, 180, 195; *Chandler, et al.* v. *Jamaica Pond Aqueduct*, 125 Mass., 552; *Fellows* v. *New Haven*, 44 Conn., 240.) The judgment is therefore reversed and case remanded.