## THE CHICAGO, KANSAS & WESTERN RAILROAD COMPANY v. J. R. EASLEY.

1. EMINENT DOMAIN—*Damages, to Whom Payable.* Where commissioners in a railroad right-of-way proceeding award damages for injuries to a tract of land to a certain land and cattle company as the owner thereof, and also allow nominal damages to another party for injuries to the same land, and the latter appeals from such award to the district court, before he can recover damages in said court he must show that he had some interest in the land over which the right-of-way was condemned at the time of the condemnation proceedings.

2. RECORD—*No Evidence of Interest.* The record in this case examined, and *held*, that no competent evidence was offered by the plaintiff to show he had any interest in the land when the right-of-way was appropriated by the railroad company.

3. OPINION EVIDENCE—*Erroneous Admission.* Where a party, seeking to recover damages to a farm consisting of 160 acres, puts a witness on the stand to prove his damages, and the witness says he cannot set a value on 80 acres of the land, and does not know the market value of the other 80, but says it is, in his judgment, worth $20 per acre, it is error to permit him, over the objection of the adverse party, to state how much less the whole farm was worth immediately after the appropriation of the right-of-way across it by the railroad company than it was immediately before such right-of-way was appropriated.

*Error from Barber District Court.*

PROCEEDING to recover damages for a railroad right-of-way. Trial at the February term, 1888, before Hon. LOREN

22—46 KAS.

EDWARDS, judge *pro tem.*, and a jury.    Verdict for plaintiff, *Easley*, for $427.33 damages; new trial denied, and judgment rendered for the plaintiff.    The defendant *Company* brings the case here.

Geo. R. Peck, A. A. Hurd, and Robert Dunlap, for plaintiff in error.

W. S. Denton, for defendant in error.

Opinion by STRANG, C.: This was an appeal from the report of condemnation commissioners in a railroad right-of-way proceeding.   The commissioners awarded the legal representatives of the Ohio Land & Cattle Company the sum of $272 as damages for injuries to the tract of land, damages for injuries to which the defendant, J. R. Easley, is now claiming, and also allowed said J. R. Easley the sum of $1 as damages to the same.   Easley appealed, and the case was tried before the court and a jury February 28, 1888.   The jury returned a general verdict awarding damages to the defendant in the sum of $427.33, and also made certain special findings, which they returned with the general verdict.   The railroad company moved for a new trial, which motion was overruled. The defendant in error challenges the record, in this court, but we think it is sufficient as a bill of exceptions, and therefore it is unnecessary to look further into the matters alleged against it.

The company says the defendant is not entitled to any damages because he failed to show any title to or possession of the land at the time of the condemnation proceedings.   There is but little evidence in the record upon this question, and perhaps none which may be said to be competent testimony, and, unfortunately for the defendant in error herein, what little there is seems to be against him.   McNeal, a witness called by the defendant in error to establish his ownership and possession of the land, testified that the land belonged to Easley; that while he did not live on it, he was possessed of it.   He also testified that he had control of the place for Easley, as

far as his knowledge of it was concerned. The statement that the place belonged to Easley was not competent evidence to prove Easley's ownership of the land, and the evasive statement that, "while he did not live upon the land, he was possessed of it," does not prove possession of the land by Easley; and the statement that the witness had control of the land for Easley, "so far as his knowledge of the place was concerned," does not prove anything. He may not have had any knowledge of the place, and, judging from the character of his evidence, he did not have much knowledge of it. But later on in his testimony he was asked how long Easley had had possession of the place, and his final answer is, "My remembrance would be, something like six months since it was deeded back to him." This evidence, if it was competent to prove ownership, would show that the land was deeded to Easley six months after the condemnation proceedings were had.

Another witness testified that Easley sold the land about a year before the trial, which, if it proved anything, would, in connection with McNeal's evidence, and the report of the condemnation commissioners, show that Easley sold the land to the Ohio Land & Cattle Company before the condemnation proceedings; and that it was deeded back to him six months after the condemnation proceedings were had, and that in the meantime he had no interest, or but a slight interest, at most, in the land. However, it is unnecessary to speculate as to what interest Easley had in the land. He did not show by any competent evidence that he had any ownership in or the possession of the land. Failing to show any interest in the land that was subject to injury, he could not recover any damages.

The next error assigned grows out of the action of the court, in overruling plaintiff's objection to testimony, and in refusing to strike it out after it was in. C. W. Pease was called as a witness by the plaintiff below to prove the amount of his damages. The witness says he could not tell anything about the value of one 80 of the farm, and as to the other 80 he

said: "I would only have to say in regard to that, I do not know what it would sell for. I would have to use my own opinion — my own judgment in regard to what I considered the value of it. I have never heard it offered for sale, or anybody make any offers on it; would have to use my own opinion with regard to what it was worth afterward; but what was the real market value I would not know." He gave it as his opinion that this 80 was worth $20 per acre. He was then asked, "Were you acquainted with the value of land in that neighborhood similar to that about that time?" and answered, "I know what has been offered and asked for land." The following question was then put to him:

"How much less, taking into consideration the inconvenience, if any, by reason of the railroad company running its right-of-way through there, was it worth immediately after the appropriation of the railroad's right-of-way through it, than it was immediately before the railroad had appropriated the land?"

(Objected to as irrelevant, incompetent, and immaterial, and for the further reason that it has not been shown that the witness was competent to answer. Overruled.) The witness answered: "I consider the value less $800 on that place — that is, on the entire farm."

The admission of this evidence was probably erroneous, within the case of *Railroad Co. v. Kuhn*, 38 Kas. 675, and the case of *Railroad Co. v. Muller*, 45 id. 85; same case, 25 Pac. Rep. 210. But it certainly was erroneous for the reason that the witness had shown he was not qualified to testify. He testified that he could put no value on one 80, and as to the other 80, it was his opinion it was worth $20 per acre; but that as to the market value he did not know what it was, and he would have to use his own judgment in fixing the value; and yet he was permitted to tell how much less in value the whole farm was, after the appropriation of the right-of-way over said land by the railroad company, than it was before the appropriation of such right-of-way was made. This was error. There are other assignments of error, but we do not think it necessary to notice them.

It is recommended that the judgment of the district court
be reversed, and the cause remanded for new trial.

By the Court: It is so ordered.

All the Justices concurring.