[No. 349.  Decided July 7, 1892.]

SEATTLE AND MONTANA RAILWAY COMPANY, *Appellant*, v. JOHN GILCHRIST AND MAGDALENA GILCHRIST, *Respondents*.

CONDEMNATION PROCEEDINGS—RIGHT TO OPEN AND CLOSE—MARKET VALUE —EVIDENCE.

Under the constitution and statutes of this state, the petitioner in a proceeding to appropriate lands for right-of-way, has the right to open and close.  (SCOTT and DUNBAR, JJ., dissent.)

Where a witness states that he does not know the market value of land in the vicinity of lands sought to be appropriated, he is not competent to give an opinion of the value of the lands affected by the condemnation proceedings.

In determining the market value of a particular tract of land in condemnation proceedings, it is proper to allow proof of the sale of similar property at or near the time of appropriating such land.

In a proceeding to condemn lands, the testimony of a witness as to what he had testified the day before in a probate proceeding concerning the value of land adjoining that of the defendant in the condemnation proceeding, is immaterial.

It is competent for a witness to testify as to how much, in his opinion, defendant's land would be depreciated in value on account of the appropriation of a right-of-way and the construction of a railroad.

The cost of new fencing, made necessary by the construction of a railroad through a man's land, may be shown to aid the jury in ascertaining the extent of the burden thereby cast upon the land, but can only be considered in so far as it tends to depreciate the value of the land.

In such a proceeding it is competent for a witness to testify as to how much land lying on one side of the railroad will be diminished in value by reason of the drainage being obstructed, when the character of the land and the direction of drainage has been shown, and it appears from the evidence that the road was to be constructed upon a grade which would naturally obstruct the drainage.

Where the combustible nature of land through which a right-of-way passes has been shown in evidence, it is error to allow a witness to testify that there would be danger of the land igniting, in dry weather, from sparks from a locomotive. (SCOTT and DUNBAR, JJ., dissent.)

In such a proceeding, evidence of the recent increase in value of lands through which the railroad runs, is irrelevant and immaterial, when it has not been shown that such increase in value was directly due to the proposed building of the road.

*Appeal from Superior Court Snohomish County.*

*Burke, Shepard & Woods,* for appellant.

*Craddock & Miller,* and *Stratton, Lewis & Gilman,* for respondents.

The opinion of the court was delivered by

ANDERS, C. J.—This was a statutory proceeding instituted by appellant to appropriate a strip of land 100 feet in width across the premises of the respondents for the purpose of a right-of-way for its railroad. The right-of-way sought to be appropriated passes diagonally over the eastern portion of respondents' land, separating it into two unequal parts, and cutting off about eleven acres to the east of the right-of-way from the larger tract lying to the west, and contains something less than two acres. The land of respondents is nearly all improved, and is productive, agricultural land. It is nearly level, but slopes and drains towards the west, and the grade of the proposed railroad is about four feet above the natural surface of the ground. Upon the trial the jury assessed the damages of respondents at $1,025, for which sum judgment was duly entered by the court. The petitioner appeals.

At the trial the court, against the objection of the petitioner, permitted the respondents to introduce their evidence first, and to open and close the argument to the jury, and that action of the court is assigned as error. This question was involved in the case of *Seattle & Montana Railway Co. v. Murphine, ante,* p. 448 (just decided by this court). Following the recent decision of this court in the case of *Bellingham Bay, etc., R. R. Co. v. Strand, ante,* p. 311, we there held that, under the provisions of the statute and constitution of the state, the petitioner had the right to open and close in cases of this character, and we are not disposed to depart from the doctrine announced in those cases.

It is objected that the court refused to permit the witness Hanson to state his opinion as to the fair market value of respondents' land. This objection would be entitled to consideration if it had been shown that the witness was competent to give an opinion upon that question. But, as he had himself stated that he did not know the market value of land in that vicinity, it is difficult to perceive wherein the court erred. The objection is obviously not well taken.

Upon the trial one Cardinell, a witness for the petitioner, testified that he had sold land similar in character to that of the respondents, and in the same vicinity, at about the time of the filing of the petition in this proceeding. The witness also testified that the land was nearer to the town of Stanwood than that of the respondents, and that it was purchased for the purpose of being divided and platted into town lots. When asked the question, "How much did you sell that land for per acre?" an objection was interposed by council for respondents, on the ground that it was incompetent, irrelevant, and immaterial. The objection was sustained, and an exception allowed. That action of the court is also assigned as error. Whether, in

determining the market value of a particular tract of land, it is proper to allow proof of the sale of similar property, at or near the time of the taking, is a question upon which the authorities are not at all harmonious.    The market value of land, or other property, is the price it will bring when offered for sale in the ordinary way.    Knowledge of value is generally derived from actual sales.    Why, then, is it not competent to show sales of similar property in the same neighborhood, when made at or near the same time? The reason usually assigned for holding such testimony inadmissible, that it raises collateral inquiries which the jury should not be called upon to consider, is, to our minds, unsatisfactory.    No witness is competent to testify as to a particular sale who is not personally cognizant of the fact, and, this being so, the character and situation of the land, and all the circumstances surrounding the transaction, may be brought out on the examination of such witness, thus enabling the jury, without difficulty, to determine whether or not such sale should be considered a fair criterion of value.    Upon principle we can perceive no valid reason for rejecting such testimony, and we think the preponderance of authority is also in favor of its competency.    See *Town of Cherokee v. Land Co.*, 52 Iowa, 279; *Culbertson, etc., Provision Co. v. Chicago*, 111 Ill. 651; *Gardner v. Brookline*, 127 Mass. 358; *Sawyer v. City of Boston*, 144 Mass. 470; *March v. Portsmouth, etc., R. R. Co.*, 19 N. H. 372; *Concord R. R. Co. v. Greely*, 23 N. H. 237; *Washburn v. Milwaukee, etc., R. R. Co.*, 59 Wis. 364; *Roberts v. City of Boston*, 149 Mass. 346; *Hunt v. City of Boston*, 152 Mass. 168.

The degree of similarity that must exist between the property sold and the property whose value is to be determined, as well as the nearness in respect to time and distance, are matters resting largely in the discretion of the

trial judge. Lewis, Em. Dom., § 443; *Watson v. Milwaukee, etc.,R. Co.,*57 Wis.332. But still that discretion will,in proper cases, be reviewed by the appellate court; and in this instance, but for the fact that appellant could not have been prejudiced by the exclusion of the testimony offered, we would be inclined to criticise the ruling of the court. The same witness testified that he knew the market value of the land in question, and stated its value to the jury, and there was, therefore, no occasion, so far, at least, as that witness was concerned, for resorting to proof of specific sales of similar property, and appellant was in no wise injured by the ruling of the court.

The ruling of the court rejecting the testimony of the witness Foster, as to what he testified was the value of McDonald's land adjoining that of the respondents in a probate proceeding in the same court the day before, is not open to criticism. What the witness said or did on the day previous, and in another proceeding, was entirely immaterial. If he knew the market value of respondents' land, he could have so stated. If he did not know it, he was not competent to testify as to its value at all.

It is also objected that one of the respondents was permitted to say how much, in his opinion, the land would be depreciated in value on account of the appropriation of the right-of-way and the construction of the railroad. It is conceded by appellant that it is competent for a witness, if properly qualified, to state his opinion as to the value of the land before and after the appropriation; but it is contended that it is for the jury to say what the damages are, and not the witness. While there is undoubtedly a conflict of authority upon this question, it seems difficult to perceive any substantial reason for rejecting such testimony. To admit evidence of the value of the land before and after the taking is to admit, in effect, the same thing to be done

which appellant complains of, since the amount of the damages is then ascertained by the jury by the mere process of subtraction. And, this being so, we are unable to understand why the witness should not be permitted to state the result, as well as the facts from which such result is reached. In either case the amount of the damages is ultimately based on the opinion of the witness. The distinction here insisted on between the two methods is based on mere form, rather than substance. The facts upon which the witness bases his opinion may be shown on cross examination, and when this is done the jury have all the means which can be afforded for forming an independent judgment as to the damages. See *Texas, etc., Ry. Co. v. Kirby*, 44 Ark. 103; *Hayes v. Ottawa, etc., Railroad Co.*, 54 Ill. 373; *Spear v. Drainage Com'rs*, 113 Ill. 632; *Snow v. Boston & M. Railroad Co.*, 65 Me. 230; *Swan v. Middlesex Co.*, 101 Mass. 173; *Sherman v. St. Paul, etc., Ry. Co.*, 30 Minn. 227; *Portland v. Kamm*, 10 Or. 383; *Pittsburg, etc., R. R. Co. v. Robinson*, 95 Pa. St. 426; *Washburn v. Milwaukee, etc., R. R. Co.*, 59 Wis. 364; Lewis, Em. Dom., § 436; 6 Amer. & Eng. Enc. Law, 620, subd. "C."

In *Seattle & Montana Railroad Co. v. Murphine, supra*, this court held that the cost of new fencing made necessary by the construction of the road might be shown to aid the jury in ascertaining the extent of the burden thereby cast upon the land, but that the same should only be considered in so far as the land was thereby depreciated in value. On the authority of that case the objection of appellant to the testimony as to the cost of additional fencing is not tenable.

Appellant further complains of the ruling of the court in permitting the respondent, John Gilchrist, to state how much the land lying east of the railroad would be diminished in value by reason of the drainage being obstructed. The question propounded to the witness was objected to on

the ground that he knew nothing about the construction of the road, or whether the drainage would be obstructed or not. Upon that ground the objection cannot be sustained. It was the duty of appellant to show just how it proposed to construct its road. The character of the land and the direction of the drainage had been shown, and it appeared from the evidence that the road was to be constructed through respondents' premises upon a grade which would naturally obstruct the drainage. If culverts were to be constructed underneath the roadbed, so that the drainage would not be obstructed, that fact should have been shown affirmatively by appellant.

It appears from the testimony that the premises of respondents over which the right-of-way passes are such as are known as "peat lands," and which become dry and combustible during certain portions of the year. A witness was asked at the trial, against the objection of appellant, whether there would be danger of this "peat land," in dry weather, igniting from sparks from a locomotive, and appellant claims that it was error on the part of the court to permit the question to be put and answered. Danger from fire communicated from passing engines to buildings and improvements situated upon the part of the premises not taken for railroad purposes, if such danger is appreciable and imminent, may be considered in estimating the damages, in so far as the residue of the land is thereby depreciated in value. But the possible or probable damages that may result from such a cause to the landowner, in the future, cannot be considered by the jury. Such damages are purely speculative, and not capable of satisfactory proof. A railroad company is liable, in an action for damages, for property destroyed by fire resulting from its negligence, but not for damages occurring without negligence in the proper operation of its road. And it is, therefore, the danger from fire, and not losses that may probably be occa-

sioned thereby, and for which no recovery can be had, that should be considered in determining the compensation to be paid to the owner of the land. *Leroy, etc., R. R. Co. v. Ross*, 40 Kan. 598; Lewis, Em. Dom., § 497. The question now under consideration is objectionable, as calling for the opinion of the witness upon a question not involving special knowledge or skill. The location of the road and the combustible nature of the land had been shown and the jury were as well qualified as the witness to determine the probable effect upon the land of the operation of the railroad. *Lance v. Chicago, etc., R. R. Co.*, 57 Iowa, 636.

Appellant also complains of the instruction of the court upon the question of liability from fire. While the charge is, perhaps, not so clear and explicit as it might have been, it is substantially correct, and we see no reason to think that it was not fully understood by the jury.

Appellant's tenth assignment of error cannot be sustained, for the reason that no exception to the instruction therein complained of appears in the record.

At the trial, counsel for appellant propounded to a witness this question: "Has not the market value of real estate through Skagit and Snohomish counties, where the Seattle & Montana railroad runs, increased within the last six months?" The question was objected to as irrelevant and immaterial, and the objection was sustained, and we think rightly. In a new country like this, values are likely to increase rapidly, even in localities remote from railroads. If counsel had offered to show to the court, by proper proof, that such enhancement of value was directly due to the proposed building of the road, and that such appreciation of value should therefore be excluded, the case would be different. But disconnected from anything showing that the real market value of respondents' land, at the time of the taking, should not be considered in the assess-

ment of damages, the question was clearly objectionable. As an independent proposition, it was quite immaterial whether or not the price of land through those counties had risen or fallen within six months. The value at the time of the appropriation was what the jury were to determine, and not the cause of that value.

The 13th, 14th and 15th assignments of error cannot be here considered, as the record fails to show that any requests to charge the jury were made by appellant. This, no doubt, was an oversight of counsel, but we are not warranted in passing upon any matter not contained in the record. We may say, however, that even if the requests had been regularly presented to the court, and so appeared of record, the exception of counsel would be unavailing for want of sufficient definiteness.

For the errors indicated the judgment of the court below is reversed, and the cause remanded for a new trial.

HOYT and STILES, JJ., concur.

SCOTT, J. (*dissenting*).—This case is very similar to that of the *Seattle & Montana Ry. Co. v. Murphine, ante,* p. 448. The pleadings took the same course. A different point is raised here, as to allowing a witness to testify there would be danger of that land being ignited by fire from the locomotive. If this testimony was objectionable, it occasioned no harm, for the danger was apparent, and the testimony did not make it any more so. Consequently, and for the reasons stated in my dissenting opinion in the *Murphine* case as to the right to open and close, I dissent here.

DUNBAR, J., concurs.