## Shimer, Appellant, *v.* Easton Railway Company.

*Land damages— Competency of witness—Knowledge of land prior to damage done—Street railways.*

A witness called to estimate and give an opinion as to the damage done to land by the construction of a trolley road must have had a knowledge of the land and its value prior to the construction of the road, otherwise he is incompetent.

*Land damages—General appreciation of property—Street railways.*

A landowner, in an action for damages to his land caused by the construction of a trolley road on a highway running through it, is entitled to any increase in the value of his land by reason of the general appreciation of property in the neighborhood because of the construction of the trolley road. The jury in estimating the damages cannot charge the landowner with the general appreciation of property in diminution of his damages.

Argued March 9, 1903. · Appeal, No. 188, Jan. T., 1902, by plaintiff, from judgment of C. P. Northampton Co., Sept. T., 1901, No. 37, on verdict for defendant, in case of William L. Shimer v. Easton and Nazareth Street Railway Company. Before MITCHELL, DEAN, BROWN and MESTREZAT, JJ. Reversed.

Trespass to recover damages to land. Before SCOTT, J.

From the record it appeared that the plaintiff owned a farm on both sides of a public road leading from Easton to Nazareth upon which the defendant company had constructed its railway. The plaintiff had endeavored to enjoin the construction of the defendant's road, but the court dismissed his bill and required the defendant to give him a bond to secure such damages as he might recover in an action at law.

Verdict and judgment for the defendant. Plaintiff appealed

*Error assigned* among others was in receiving the testimony of defendant's witness, W. T. Bissell, as appears by the opinion of the Supreme Court.

*Russell C. Stewart*, with him *Aaron Goldsmith*, for appellant, cited: Pittsburg, etc., Railway Co. v. Vance, 115 Pa. 325. Gallagher v. Kemmerer, 144 Pa. 509 ; Struthers v. Phila., etc.,

R. R. Co., 174 Pa. 291; Michael v. Crescent Pipe Line Co., 159 Pa. 99; Chambers v. South Chester Boro., 140 Pa. 510.

*E. J. Fox*, with him *J. W. Fox*, for appellee, cited: O'Brien v. Schenley Park, etc., Railway Co., 194 Pa. 336; Gorgas v. Phila., etc., R. R. Co., 144 Pa. 1.

OPINION BY MR. JUSTICE MESTREZAT, May 4, 1903:

The fifth assignment of error, which complains of the admission of W. T. Bissell as a witness, must be sustained. Bissell is a real estate speculator in the city of Easton and was called as a witness by the defendant company to testify to the damages sustained in the construction of its trolley line on the public highway passing through the plaintiff's premises. From his preliminary examination, it appeared that he had no knowledge of the plaintiff's farm or its value prior to the construction of the railway, and since that time he had only passed along the highway intersecting the property. Bissell testified: ' Q. Have you been on the farm or just along the road (since the construction of the trolley line) ? A. Just along the road; I looked at the land as I passed." The plaintiff's counsel objected to the competency of the witness on the ground that he did not know the farm before the construction of the railway and that he had not shown that he was familiar with the value of farm land in that community. The learned trial judge overruled the objection and admitted the testimony. Immediately after this ruling the witness was thus examined: " Q. Now, Mr. Bissell, will you tell us whether there has been any change in the value, selling value of the land of Mr. Shimer, by reason of the construction of the trolley road on the highway adjoining? A. In most every instance it increases the value of property, in my estimation."

Bissell having admitted he did not know the farm prior to the construction of the trolley road was not competent to give an estimate of the damages sustained by the plaintiff by reason of its construction. A responsive answer to the question propounded to the witness required him to know the property and its market value before, as well as after, the construction of the trolley line; otherwise, he could not tell whether there had been " any change in the selling value of the land by reason of

the construction of the trolley road on the highway adjoining." Without a knowledge of the farm, it logically follows he could not know its market value. He must know the land, its character and quality, and in a general way and to a reasonable extent have in his mind such other data as will enable him to properly estimate its market value. Pittsburg, Virginia & Charleston Ry. Co. v. Vance, 115 Pa. 325. Unless in possession of such information prior as well as subsequent to the construction of the trolley road, Bissell was clearly incompetent as a witness and should not have been permitted to testify. As said in Gallagher v. Kemmerer, 144 Pa. 509, " The witness might, perhaps, have been competent to testify as to the value of the land after the injury, but it is plain by his own statement that he knew nothing of its nature and character before the injury. How was it possible, therefore, for him to testify as to the value of the land free from the injury complained of ? "

In view of the fact that the case goes back to be tried again, we need not consider the other assignments. It may be suggested, however, that the jury should have full and explicit instructions as to the measure of damages, and should be told that the plaintiff is entitled to any increase in the value of his land by reason of the general appreciation of property in the neighborhood because of the construction of the trolley road. We are inclined to think from an examination of the testimony that some of the witnesses as well as the jury overlooked this fact in estimating the plaintiff's damages and charged him with the general appreciation of property in that neighborhood.

The fifth assignment of error is sustained, the judgment is reversed, and a venire facias de novo is awarded.