Opinion by
Oelady, J.,
The defendant company entered into a contract with a construction company to acquire title for the necessary right of way, on which it was to construct a railroad from Wilkes-Barre to Hazleton. This was supplemented by subcontracts with other named parties, and through their combined efforts the road was eventually built. While the defendant employed a number of agencies in doing the different branches of the work, the whole enterprise was under the direction and control of the parent company which received the advantage of the general undertaking, and, however much it complicated its affairs, it must be held liable, under the facts of this case, for the trespasses of its general and subcontractors. This action was instituted to recover the damages as set out in the statement, first, for the land taken; second, for the timber trees destroyed; third, for the inconvenience suffered; fourth, for divergence of springs, and fifth, for the cost of a bridge over the road made necessary by the construction of the road..
*12 On the trial the plaintiff called a witness, John Myers, whose testimony was admitted under objection, and is made the subject of the second assignment of error. This witness lived in an adjoining township, about three miles distant from the plaintiff’s land. He had not been on it prior to the defendant’s entry, did not know its boundaries, adjoiners, acreage or of any sales of like property in the neighborhood. After considerable work had been done on the ground he made an examination and estimate so as to fix its value at that time, and the amount of damage to which, in his opinion, the plaintiff was entitled. While he had had some experience as an appraiser of lands in other neighborhoods, he did not have sufficient personal acquaintance with the land in controversy to testify under the rale applicable to such cases. These requirements, as determined in many cases, “imply familiarity upon the part of the witness with the property in question, its area and the use to which it may reasonably be applied, and the extent of its improvements. But this is not all. Another essential, by reason of its necessity for comparison, is a knowledge of the general selling price of ground in the neighborhood at the time. In fixing this regard must be had also to the rule that the general selling price is not to be shown by evidence of particular sales of alleged similar lots, but is to be fixed in the mind of the witness from a knowledge of the price at which land is generally held for sale, and at which they are sometimes actually sold in the ordinary business of the neighborhood:” Friday v. Penna. R. R. Co., 204 Pa. 405; Shimer v. Easton Ry. Co., 205 Pa. 648. As stated in’ Gallagher v. Kemmerer, 144 Pa. 509, “The witness might perhaps be competent to testify as to the value of the land after the injury, but it is plain, by his own statement, that he knew nothing of its nature and character before the injury. How was it possible, therefore, ■ for him to testify as to the value of the land free from the injury complained of?”
Measured by these scales his testimony was not competent, and even by the more liberal rule as announced in Lally v. Central Valley R. R. Co., 215 Pa. 436, he failed in his personal knowledge of familiarity with the neighborhood, “the sitúa *13 tion and availability of the particular tract, the buying and selling value as shown by such sales or transactions as have occurred under circumstances to make them a fair basis for inference as to the particular matter in issue.” For these reasons the first assignment of error is sustained, and the second assignment is overruled.
The plaintiff claimed only compensatory damages, and tried his case on that theory as shown by his statement of claim and the points for charge submitted by him. In the third point he urged that the defendant would be hable to him in damages to the extent of compensating him for the loss and injury suffered in consequence of taking his land and timber, and the construction and maintenance of the railroad. In the fourth point he submitted that, “the measure of damages in such a case would be the difference in the market and selling value of the property entered before the entry was made and afterward.” These points were affirmed, but in the charge of the court the jury were told that if they believed from the evidence that certain alleged violent acts and threats had been used when the entry was effected, “that you would be justified, within reasonable bounds, in adding punitive to the nominal damages to which the plaintiff would be entitled if no actual loss was sustained, or to any conpensatory damages, if any, to which they would be entitled if you find that the value of this land was impaired and not increased by building the railroad.” This presented a feature of the case that was not suggested by the pleadings or method of the trial, and was not warranted by any case to which our attention has been directed. The facts of this case make it radically different from Greeney v. Water Co., 29 Pa. Superior Ct. 136, as in that one the imperfectly constructed reservoir and defective maintenance of water pipes gave reasonable notice to the defendant that the damages claimed were those resulting from such defective construction and maintenance. In this case we have at most a personal altercation between the defendant’s employees with the plaintiff as to the defendant’s right to enter upon the land, and after this flurry of passion there was nothing in the manner of the taking or character of construction to make the case *14 exceptional. There was at most a mistake of the right to enter under the circumstances, but nothing to indicate wantonness, evil intent or wrong motive.
The third assignment of error is sustained, and the judgment reversed with a venire facias de novo.