# WICHITA FALLS & N. W. RY. CO. v. MUNSELL.

### No. 2579. Opinion Filed June 3, 1913.

### (132 Pac. 906.)

1. **EMINENT DOMAIN—Damages.** Where a railroad, in condemning a right of way, cuts in two a tract of land, the fact that the operating of trains over the line of road and across the particular land increases the danger of fire to buildings and crops, and increases the danger to stock, are not matters which constitute independent elements of damage for which a specific award may be made; but such facts when proven, together with any other inconveniences or damages occasioned by the building and operating of the road, may be considered by the jury in determining the value of that part of the land not taken.

2. **EVIDENCE—Damages—Competency of Witnesses.** In an action for damages for the appropriation of a right of way of a railway through a farm of 160 acres, it is error to permit witnesses, who did not know the market value of the farm and had never seen same, to testify as to the amount the land was damaged by reason of the construction of the road.

3. **EMINENT DOMAIN—Damages—Appeal—Evidence.** On appeal from the board of appraisers to the district court in a condemnation proceeding, an award made by the board of appraisers is not competent evidence to go to the jury for the purpose of establishing the amount of damage to a farm resulting from the construction of the railway across it.

(Syllabus by the Court.)

*Error from District Court, Jackson County;*
*J. T. Johnson, Judge.*

Action by the Wichita Falls & Northwestern Railway Company against Charles Munsell. Judgment for defendant, and plaintiff brings error. Reversed.

*C. C. Huff,* and *Tisinger, Clay, Robinson & Hamilton,* for plaintiff in error.

*S. B. Garrett,* for defendant in error.

HAYES, C. J. Plaintiff in error originally brought this action in the court below against defendant in error for the purpose of condemning a right of way for its railway across a quarter section of land owned by defendant in error. The commissioners appointed by the court appraised the right of way and filed their report and award, whereupon plaintiff in error demanded a jury trial as to the award. The jury trial resulted in a verdict and judgment in favor of defendant in error for the sum of $1,650. To reverse that judgment and set aside the verdict upon which it is founded is the purpose of this proceeding.

The evidence establishes that the land of defendant is practically level; that the railway enters it at one corner and passes out at the opposite corner; that it runs diagonally at an angle of about 30 to 40 degrees across the entire tract; that it divides the farm into two V-shaped divisions, and separates defendant's pasture land from his house and barn, and will require the driving of his stock backward and forward across the railway for the purpose of watering them.

The following instruction was given by the trial court:

"In arriving at the amount of damages that the defendant has sustained, first, you will determine the value of the land taken by the plaintiff for its right of way; second, the injury or damages to the remaining portion of the land of the defendant by reason of the construction of the railroad and the depreciation of the land taken. In estimating the damages you may take into consideration the market value of the land taken at the time the same was taken, and, in determining the injury to the balance of the tract, you may consider the separation of the pasture, improvements, and water facilities, and their con-

venient connections, or inconveniences of crossing the railroad with farm machinery to farm separate tracts, the increased care and watchfulness necessary at all times while working in the immediate vicinity of the road with horses and farm implements, the anxiety and uneasiness and disturbance of that sense of safety and security to all members of the family while engaged in their different lines of production on the different portions of the farm, and the ill shape and the inconvenient shape the remainder of the farm is left in for farming purposes, the inconvenience of crossing the railroad to farm portions of the land cut off from the residence, of the hauling the products of the farm to the barn across the railroad, of the carrying stock to and from one part of the farm to another for water, pasturage, and other purposes, in fact, anything that would injure the salable or unsalable value of the farm."

This instruction is the first alleged error urged for reversal of the cause: but plaintiff's contention relative thereto is without merit.

By another instruction given, the jury was told that the real measure of damages is the difference, if any, in the value of the land as a whole, without the railway over it, and the value that remains untaken, burdened with the operation and the damages and inconvenience incident to the operation of the railway over the land; and that the jury in arriving at defendant in error's damages should take into consideration only the value of the land actually taken, together with the depreciation in the value of the land not taken. The instruction complained of, considered in connection with the subsequent instruction, the substance of which we have just stated, correctly states the law. It does not authorize a recovery for loss or damages occasioned by fire, originating from the operation of the railway, or for the injuring or killing of live stock. It but enumerates certain matters that the jury may take into consideration in arriving at the depreciation in the value of the land untaken. That it is proper for the jury to consider such matters in determining the value of the part not taken is well settled in this jurisdiction. *St. Louis, El Reno & Western Ry. Co. v. Oliver et al.,* 17 Okla. 589, 87 Pac. 423, 10 Ann. Cas. 748.

It is also complained that the court refused to instruct the jury that no damages could be allowed for the probable loss or killing of stock, or frightening of teams. We think, while the instruction requested states a correct proposition of law, it states only in a negative form the law that had been given to the jury in an affirmative instruction, wherein the jury was instructed that the measure of defendant's damages was the value of the land taken and the depreciation in value of the land untaken, caused by the construction and operation of the road.

No effort was made in the pleadings to recover damages for any live stock that might be killed, nor is there any evidence attempting to show the probable value of any such live stock; but evidence was introduced for the purpose of showing that the operation of trains across the farm would result in frightening teams used near the track of the company in cultivating the farm and is likely to result in the killing of live stock. But the court sufficiently restricted the purpose of this evidence in his instructions, when he stated that such matters might be considered in determining the depreciation that had resulted in the value of the farm by the construction and operation of the road.

There was much controversy in the evidence as to the extent of the depreciation in the value of the untaken portion of the farm. The testimony of different witnesses varies in amounts from $600 to $2,500. Different witnesses, who testified that they did not know the market value of the land either before or after the construction of the road—and some of them testified that they had never seen the land—testified as to the amount of depreciation in its value, one of which witnesses placed the amount of the depreciation at $2,025 and another at $2,500. This evidence was introduced as expert opinion evidence. Assuming that such evidence is competent from one shown to be qualified to testify, the witnesses who did not know the market value of the land, and particularly those who had never seen same, were not qualified to testify as experts.

*C., K. & W. R. Co. v. Stewart*, 50 Kan. 33, 31 Pac. 668; *C. K. & W. R. Co. v. Easley*, 46 Kan. 337, 26 Pac. 731; *Seattle & Montana Ry. Co. v. Gilchrist*, 4 Wash. 509, 30 Pac. 738; *Eastern T. Ry. Co. v. Scurlock*, 97 Tex. 305, 78 S. W. 490; *Shimer v. Easton Ry. Co.*, 205 Pa. 648, 55 Atl. 769.

Over the objection of plaintiff, defendant was permitted to prove the amount of the award made by the appraisers. This was error. *St. L., El Reno & W. Ry. Co. v. Oliver et al., supra.*

Since the evidence as to the amount of the damages is in irreconcilable conflict, and the jury could have arrived at its verdict only after determining where the weight of the evidence lies, the admission of the foregoing incompetent evidence cannot be held unprejudicial, and for these errors the judgment of the trial court is reversed.

WILLIAMS and TURNER, JJ., concur; KANE and DUNN, JJ., not participating.