**ARKANSAS LOUISIANA GAS COMPANY, a corporation, Plaintiff,**

v.

**A RIGHT OF WAY 80 FEET IN WIDTH OVER, UNDER AND ACROSS A CERTAIN TRACT OR TRACTS OF LAND IN GRADY COUNTY, OKLAHOMA et al., Defendants.**

**Civ. No. 73–346–D.**

United States District Court,
W. D. Oklahoma,
Civil Division.

Oct. 9, 1973.

James M. May, McAlester, Okl., Steve Stack, Chickasha, Okl., for plaintiff.

Park, Nelson & Caywood, Chickasha, Okl. (for all individuals), for defendants.

## ORDER

DAUGHERTY, District Judge.

This is an action by Plaintiff to condemn right of way for a natural gas pipeline under the provisions of the Natural Gas Act. (15 U.S.C.A. Section 717). The provisions of this Act provide that state condemnation procedures will be followed. The applicable procedures are set out in 66 Okla. Statutes 1971, Section 51 et seq. Appraiser-Commissioners were appointed by the Court June 5, 1973, and their report was filed June 21, 1973. The Plaintiff paid the amount of their awards into the registry of the Court and upon application of the Defendants, the Court ordered same paid out on July 3, 1973. This was subsequently accomplished. All defendants ex-cept the Defendants Osburn filed demands for jury trial on July 19, 1973. The defendants Osburn requested same July 23, 1973. The Plaintiff filed its request for same August 6, 1973.

On July 20, 1973, Plaintiff filed its Objections to Commissioners Report and Motion to Set Same Aside based on its contention that one of the appraiser-commissioners was interested in a like question and therefore not qualified to act as such. It further contends that the appraisers were subjected to prejudicial statements made in a state court proceeding relating to other tracts being condemned by Plaintiff. It also alleges the instructions of this Court to the appraisers were erroneous.

■ There are two phases to the applicable condemnation procedures. The first is the appraiser-commissioner phase. The second phase comes into play in the event either party is dissatisfied with the appraiser-commissioners' award and files a demand for jury trial. In this second phase, the matter of just compensation is then conducted in the same manner as other civil actions. (66 O.S.1971, Section 55(A)) This latter proceeding is in the nature of a trial de novo and the amount of the appraiser-commissioners' award is not competent evidence. Wichita Falls & N. W. Ry. Co. v. Munsell, 38 Okl. 253, 132 P. 906 (1965).

■ The Court must consider the effect of the alleged irregularities in the appraisals by the commissioners in light of the present posture of the case. The case is at issue as to the second phase after both sides have objected to the amount of the appraiser-commissioners' award and have demanded a jury trial. The amount of such award is irrelevant to the issues joined at this time. It therefore does not prejudice Plaintiff at this time if the Court does not require a new appraisement in the event the alleged irregularities were found to exist. If a new appraisal were made, the con-

**1358**

demnees would certainly object to a lessor award due to the fact that they have indicated that the present awards are inadequate. A jury trial would again be demanded and the matter would ultimately be determined in the second stage of the proceedings.

The issues before the Court are very similar to those considered in the case of Arkansas Louisiana Gas Company v. Maggi, 409 P.2d 369 (Okl.1965) wherein it is stated:

> ". . . . Assuming but not deciding that Humphrey was technically disqualified to serve as an appraisement commissioner the next question to determine is the effect of his disqualification on the validity of the present proceedings. Both parties demanded a jury and the amount of damages was fixed by a jury. Quite properly the jury was not informed of the amount awarded by the commissioners.
>
> \*　　\*　　\*　　\*　　\*　　\*
>
> "The plaintiff in the present case, demanded a jury trial and proceeded with a jury trial after his exceptions to the commissioners report had been overruled. There is no evidence that plaintiff was prejudiced by the irregularity, if any, connected with the appointment and report of the commissioners and the trial court committed no error in this matter."

The Court does not condone irregularities in the appraisal process. However, in its discretion, it may overlook same if prejudice to the parties will not result. In the present posture of the case, Plaintiff urges the appraiser-commissioners' awards are excessive and all Defendants urge that same are inadequate. If the Court were to order new appraisements to be made, there is no way both sides would be satisfied and again the second phase of the proceedings would be requested. Plaintiff's Motion is overruled and the Commissioners' Report of June 21, 1973 is confirmed.