## WILLIAM M. ASHLOCK
## v.
## WALTER VIVELL.

*Infancy—Sale of Horse to Infant—Promissory Note—Plea of Infancy—Fraudulent Intent—Pleading.*

1. An infant who obtains possession of property through the pretense of a purchase, intending at the time not to pay for it, is not to be regarded as the purchaser thereof.

2. An action to recover damages for such a tort is not an attempt to enforce a contract indirectly, no contract having existed.

[Opinion filed November 21, 1888.]

APPEAL from the Circuit Court of Greene County; the Hon. G. W. HERDMAN, Judge, presiding.

Mr. JAMES R. WARD, for appellant.

A purchase of property, made with the intent not to pay for it, is fraudulent as between the buyer and seller and no title passes. Farwell v. Hanchett, 120 Ill. 580; Bowen v. Schuler, 41 Ill. 192; Stewart v. Emerson, 52 N. H. 319; Wallace v. Morss, 5 Hill, 391; Eckstein v. Frank, 1 Daly, 335; Donaldson v. Farwell, 93 U. S. 633.

An infant purchasing property with the intention not to pay for it, is chargeable in an action for a tort. It is a fraud. Strain v. Wright, 7 Georgia, 572; Schuneman v. Paradise, 46 How. Pr. 426; Wallace v. Morss, 5 Hill, 392; Cary v. Holstling, 1 Hill, 311; Badger v. Phinney, 15 Mass. 359.

A purchase with such intention is such a fraud as will entitle the vendor to avoid the sale, although there were no fraudulent misrepresentations or false pretenses. Farwell v. Hanchett, 120 Ill. 580; Stewart v. Emerson, 52 N. H. 319; Hannequin v. Naylor, 24 N. Y. 139; Devoe v. Brandt, 53 N. Y. 462; Davis v. Stewart, 8 Fed. Rep. 603; Talcott v. Henderson, 31 Ohio, 162; Johnson v. Monnell, 2 Keyes, 665.

The fraudulent intent may be found from acts of the purchaser after the sale.   Bowen v. Schuler, 41 Ill. 192;  Walker v. Davis, 1 Gray, 506;  Badger v. Phinney, 15 Mass. 359.

It is sufficient for the avoidance of the sale that the purchaser bought the property with the intention, at the time, not to pay for it; the law does not require, in addition thereto, that it appear that the purchaser used means to deceive and did deceive the vendor.   Farwell v. Hanchett, 120 Ill. 580.

Where such a sale is rescinded by the vendor, the contract is treated as a nullity, and the vendee considered not as a purchaser of the property, but as a person who had tortiously got possession of it, and the form of action in such case, where there is a conversion of the property, is trover.   Kellogg v. Turpie, 93 Ill. 266;  Allen v. Ford, 19 Pick. 217;  Read v. Hutchison, 3 Camp. 351.

Where property is sold to an infant on credit, and he avails himself of his infancy to avoid payment, the vendor may reclaim the goods as having never parted with his property in them.   Badger v. Phinney, 15 Mass. 359.

The disaffirmance of a voidable contract of an infant, avoids it *ab initio*, and it ceases to be effective for any purpose.   Rice v. Boyer, 108 Indiana, 472.

The appellee, by pleading infancy, elected to avoid the contract of purchase.   This want of assent of appellant is fatal to the contract; it never became complete.   The title to the horse did not pass.   The contract of sale being incomplete, appellant could avail of the remedy in tort.   Walker v. Davis, 1 Gray, 506.

An infant is responsible in damages for his torts and frauds, the same as adults.   Davidson v. Young, 38 Ill. 149;  Matthews v. Cowan, 59 Ill. 345;  Strain v. Wright, 7 Georgia, 570; Schuneman v. Paradise, 46 How. Pr. R. 426;  Wallace v. Morss, 5 Hill, 392;  Badger v. Phinney, 15 Mass. 359;  Rice v. Boyer, 108 Ind. 472.

Mr. JOHN G. HENDERSON, for appellee.

There is no allegation in the replication of concealment of the fact of infancy, and no allegation that plaintiff did not then

and there know he was dealing with a minor. As the pleader is silent as to his knowledge of defendant's minority, such silence is equivalent to an allegation that he then and there knew the fact. The rule is tersely stated in Lemon v. Stevenson, 36 Ill. 49, as follows: " The most unfavorable construction must be adopted against the pleader. He is always presumed to state his case as strongly in his favor as it will bear;" also in People ex rel. v. Swigert et al., 107 Ill. 503.

If the actual age and appearance of the defendant were such that no one could be deceived by his false statement, then the plaintiff would be without remedy. If his appearance is that of a minor "it ought to be sufficient to put a party who may be affected by it upon inquiry from a different and competent source, and if he disregard so obvious a precaution, he must submit to the legal consequences of his unguarded conduct." Conroe v. Birdsall, 1 Johns. Cas. 128.

In Story's Equity it is said that "It is well settled that no liability in damages can be fixed upon an infant by reason of a false representation that he is of age, whereby a credit has been given him." Note to Sec. 240, Story's Eq., 13th Ed., citing Johnson v. Pye, 1 Sid. 258; Bartlet v. Wells, 1 Best & S. 836; Merriam v. Cunningham, 11 Cush. 40; Burley v. Russell, 10 N. H. 184. And the same principle is again laid down in note to Sec. 385, citing same cases, also Conrad v. Lane, 26 Minn. 389. See also Gilson v. Spear, 38 Vt. 315, and Liverpool Adelphi Loan Association v. Fairhurst, 9 Exch. 430.

CONGER, J. The declaration in this case consists of two counts. The first an ordinary count in trover for the value of a horse. The second setting forth in detail the sale of a horse worth $250 by appellant to appellee, who was a minor, the giving of a note therefor, the concealment by appellee of his minority, and of an intention not to pay for the horse, the sale and conversion of the horse to appellee's use, and his refusal to pay the note he had given. A demurrer was sustained to the second count. A plea of general issue was filed and also a second plea, averring that the plaintiff delivered the

Ashlock v. Vivell.

horse to the defendant under a contract of purchase, and in consideration of the delivery of the horse the defendant executed and delivered the promissory note described to the plaintiff; that defendant sold the horse, and at the time of making of the note and the sale of the horse the defendant was under twenty-one years of age, and that at the time the defendant arrived at the age of twenty-one years he did not have, and at no time since did he have, the possession of the horse or any part of the proceeds of the sale thereof.

To this second plea a replication was filed, averring, in substance, that at the time of making the purchase the appellee did not intend to pay for said horse, and with such fraudulent intent upon his part not to pay for the horse, he, by such fraudulent means, procured the delivery to him of said horse, gave his note therefor with the fraudulent intent then formed not to pay said note, but defeat its payment by the plea of infancy, and that he took the horse to a foreign State, sold it and converted the proceeds to his own use; that he afterward refused to pay the note, whereupon appellant tendered him back his note and demanded his horse, etc.

To this replication a general demurrer was filed and sustained by the court, and upon the trial that followed all the instructions of appellant based upon the theory of his replication were refused, and a verdict and judgment for appellee followed.

Counsel for appellee cite a number of authorities upon the question of a minor falsely representing himself to be of full age, but we fail to see their application, except as authority to sustain the demurrer to the second count of the declaration, and as to the propriety of that ruling of the court we do not feel called upon to express an opinion.

The second replication is based entirely upon the alleged fraudulent intent existing in the mind of the appellee, at the time of the pretended purchase, of never paying for the property.

We are also referred by counsel for appellee to the following authorities as conclusive against the right of recovery in the present case:

Cooley on Torts, pp. 109, 110, says:

" There are some cases, however, in which an infant can not be held liable as for a tort, though *on the same state of facts* a person of full age and legal capacity might be. The distinction is this: If the wrong grows out of contract relations, and the real injury consists in the non-performance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly, by counting on the infant's neglect to perform it or omission of duty under it as a tort. The reason is obvious. To permit this to be done would deprive the infant of that shield of protection which, in matters of contract, the law has wisely placed before him." *Id.*, pp. 106, 197.

Chancellor Kent says: " The fraudulent act, to charge him, must be wholly tortious, and a matter arising *ex contractu*, though infected with fraud, can not be changed into a tort in order to charge the infant in trover, or case, by a change in the form of the action." 2 Kent's Com. p. 277, 10th Ed.

But this case as presented by the replication does not consist in a failure to perform a contract, but alleges that appellee became possessed of the horse by fraudulently going through the forms of a contract of purchase, when, in fact, no contract was ever made. In Farwell v. Hanchett, 120 Ill. 577, our Supreme Court, while holding that one purchasing goods with an intent not to pay for them gets no title, uses the following language: " The fraudulent vendee is not considered as a purchaser of the goods, but as a person who has tortiously got possession of them."

If an infant vendee obtains possession of goods through the pretense of a purchase, but intending at the time not to pay for them, there is, in fact, no contract executed between himself and his vendor. Their minds never meet. The transfer of possession as made by the vendor is based upon a supposed contract of sale, while such possession is received by the vendee fraudulently and tortiously. If the vendor knew the secret intentions of the vendee, he would no more surrender his property than he would to one seeking to take

it from him by violence and without right.    Hence, an action to recover damages for such a tort is not an attempt to enforce the contract indirectly by counting on the infant's refusal to perform it, for no contract existed; but a recovery is sought for the damages occasioned by the wrongful and fraudulent act of the infant.

Such a case is to be distinguished from one where an infant vendee, by virtue of an agreement, made at the time in good faith, to purchase and pay for goods, acquires their possession, and when sued for the purchase price pleads his infancy to defeat a recovery.    In the latter case he has made a contract, which he may legally avoid if he desires; but in the former he neither made nor intended to make any contract, but obtained the possession of the property by fraud.    Tyler on Infancy and Cov., page 183, Sec. 125; Rice v. Boyer, 108 Ind. 479; Kellogg v. Turpie, 93 Ill. 266.

We think the demurrer to the second replication should have been overruled.

The judgment of the Circuit Court will be reversed and the cause remanded.

*Reversed and remanded.*