SHERWOOD, Appellant, vs. HULETT, Respondent.

*January 31—February 18, 1908.*

*Sales: Warranty: Breach: Instructions to jury: Appeal and error: Submission of argument: Assignments of error: Assignments not argued.*

1. Where, in an action based on the rescission of a contract for the sale of a horse, the evidence is clear that the contract was wholly made on a day mentioned and that whatever was said relating to the character of the horse which could have been binding upon the defendant was said at that time, it is not error to instruct the jury that anything said respecting the character of the horse prior to the time of the contract is immaterial.

2. Where, in an action based on the breach of a contract for the sale of a horse, the plaintiff grounded his case from first to last on an express warranty and requested submission to the jury upon that theory, it is not error to fail to submit to the jury the question of implied warranty.

3. The supreme court, as a rule, does not consider assignments of error which are not argued so as to bring fairly to its attention the infirmities complained of, and hence where error is assigned on exceptions to the court's instructions, and such assignment is not argued in the brief further than to say, "The instructions of the court to the jury were not only incorrect in several instances, but were also misleading and bewildering," and "appellant has already made his position clear," it is *held* to be an insufficient presentation.

4. Assignments of error not argued must be regarded as abandoned.

APPEAL from a judgment of the circuit court for Jackson county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

·Action to recover back $92, the consideration paid for a horse.

The claim of the plaintiff was that he purchased a horse of defendant at $92, paying $67 in money and the balance in a cow; that in making the purchase he relied on an express warranty that the animal was nice, kind, gentle, and fit and suitable for general farm work and for driving, hitched to a buggy or wagon; that as soon as practicable after the purchase

he tried the horse both for working and driving; that it proved to be an unruly, kicking, and useless animal and that he promptly rescinded the contract and returned the same to the defendant and demanded a return of the consideration paid therefor, and that defendant refused to consent to such rescission and to make such return.

The issues raised by the pleadings, as the case was tried, were as to whether in the sale of the horse its character as to being a gentle and usable animal was falsely represented by defendant or by his wife, acting for him, and if so whether plaintiff relied on such false representations in making the purchase and what was the character of the horse in fact.

There was evidence tending to show that there was some talk between plaintiff and defendant and the former and the latter's wife respecting a sale of the horse to plaintiff prior to September 26, 1904, but the evidence was uncontradicted that the trade was made on that day, the three persons named being present, and that defendant's wife, in his presence, did most of the talking on the one side, and that whatever was said regarding the characteristics of the horse was said by her and at that time.

At the close of the evidence appellant's counsel notified the court that appellant based his claim upon express warranty, and asked the court to submit to the jury two questions only, the first one being as to whether there was an express warranty made as claimed, either on the 26th day of September, 1904, or at any other time, and if so as to whether there was a breach of the warranty. There was no request under the statute for a special verdict, but the court submitted the first question substantially as requested, except it was restricted to the occurrences on September 26, 1904. The court also submitted the second question substantially as requested, and a third question as to whether the animal was quiet and peaceable, which covered all controverted matters.

The court instructed the jury in harmony with the questions submitted and that they should not consider anything said by respondent's wife about the character of the horse, prior to September 24, 1904, the day the trade was made, and instructed them, in effect, that if she made the false representations claimed at such time they were binding on her husband whether he expressly ratified them or impliedly did so by his silence.

The verdict was in favor of the defendant on all points and judgment was rendered accordingly.

*G. M. Perry,* for the appellant.

*F. J. Reichenbach,* for the respondent.

MARSHALL, J. Error is assigned because the court instructed the jury that anything said by defendant's wife respecting the character of the horse prior to the time the contract was made, September 26, 1904, was immaterial. As we read the evidence the instruction was proper. The evidence is clear that the contract was wholly made on the day mentioned and that whatever was said relating to the character of the horse was said at that time. Appellant testified, as appears by the printed case, thus: "The talk that I had with them in regard to the kindness and gentleness of the horse was just before I made the trade. Mrs. Hulett was present." The other testimony is in harmony therewith, especially as regards any talk which in any reasonable view of the case could have been binding upon the defendant. Looking at the evidence as a whole it seems that the complaint under consideration is groundless.

Error is assigned because the court did not submit to the jury all of the issues. It is suggested that the question of implied warranty should have been submitted. The answer to that is that appellant grounded his case from first to last on express warranty, and he requested submission thereof to the jury upon the theory that it should turn on

whether there was any such warranty or not, and it was so submitted.

Error is assigned on exceptions to the court's instructions. That assignment of error is not argued in the brief further than to say, "The instructions of the court to the jury were not only incorrect in several instances, but they were also misleading and bewildering." Counsel failed to point out in what respect the instructions were faulty, as suggested. He merely said as to the alleged errors in the instructions, "Appellant has already made his position clear." That seems to refer to the instruction restricting the circumstances relating to the contract of sale to what occurred on the 26th day of September, 1904, and submitting the case on the theory that appellant rested his claim upon express warranty. Those matters have been sufficiently referred to.

There are several other assignments of error, but as they are not argued they must be regarded as abandoned. The court, as a rule, does not consider assignments of error which are not argued so as to bring fairly to its attention the infirmities complained of. *Butler v. State,* 102 Wis. 364, 78 N. W. 590; *Cornell v. State,* 104 Wis. 527, 80 N. W. 745; *State ex rel. Wis. Tel. Co. v. Sheboygan,* 114 Wis. 505, 90 N. W. 441. The case seems to be barren of harmful error.

*By the Court.*—The judgment is affirmed.