[No. 8837. Department One. March 29, 1911.]

CHICAGO, MILWAUKEE & PUGET SOUND RAILWAY COMPANY, *Appellant*, v. L. L. TRUE *et al.*, *Respondents*.[1]

EVIDENCE — VALUE OF LAND — OPINIONS — WITNESSES—CROSS-EXAMINATION—DISCRETION. Upon an issue as to the value of a lot used for the storage of oil, which business could not be carried on within the fire limits, it is proper on cross-examination to ask a hypothetical question as to the value that would be added by use of the lot under specified conditions for a "profitable oil business," where there was evidence that there was no other location in the city for the carrying on the business "with equal profit;" it being discretionary to allow great latitude on cross-examination of witnesses as to values.

APPEAL—REVIEW—HARMLESS ERROR—IMMATERIAL EVIDENCE. Upon an issue as to the value of a lot used for storing oil, it is not prejudicial error to allow the owner to testify that he was the only competitor of the Standard Oil Company in the city, although the evidence was immaterial.

SAME—HARMLESS ERROR—EVIDENCE—CURED BY INSTRUCTIONS. Upon an issue as to the value of a lot condemned, it is not reversible error to allow the owner to testify as to the business for which the lot was used and the volume or extent of such business, when the jury were instructed that the business was shown solely for showing the use to which the property was adapted and they could not consider the volume or extent of such business or injury thereto.

SAME. Upon an issue as to the value of a lot, where, in an answer to a question as to whether witness had ever heard of a sale in the vicinity at plaintiff's valuation, the witness stated that he had bought a lot at a certain price, paid part in cash and balance in other property, it is not prejudicial error to refuse to strike the answer, allowing it to go to the jury "for what it is worth."

EVIDENCE—VALUE OF PROPERTY—OFFERS. Upon an issue as to the value of a lot, it is not competent to prove in rebuttal that property in the vicinity had been offered and listed at specified prices.

TRIAL—MISCONDUCT OF COUNSEL—ARGUMENT. Upon objections to argument of counsel in stating that a certain fact was proved, the court discharges its duty in admonishing the jury that they must disregard the statements of counsel and be guided by their own recollection of the evidence.

[1]Reported in 114 Pac. 515.

APPEAL—REVIEW—HARMLESS ERROR—ARGUMENT. A verdict award-
ing damages for a lot condemned will not be reversed for comment
by counsel on the immaterial fact that the owner was the only
competitor in the city of the Standard Oil Company, the relator be-
ing in no way connected with such company.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered February 8, 1910, upon
the verdict of a jury assessing damages in proceedings to
condemn land for railway purposes. Affirmed.

*Cullen & Dudley* (*H. H. Field*, of counsel), for appellant.
*Nuzum & Nuzum*, for respondents.

GOSE, J.—Plaintiff brought this action to condemn and
appropriate an improved lot in the city of Spokane. After
the order of necessity for the appropriation had been en-
tered, the case was tried to a jury for the purpose of deter-
mining the value of the property. The plaintiff has ap-
pealed from the judgment entered upon the verdict.

The respondents had erected a warehouse and oil tanks
upon the lot, and were engaged in selling oil and gasoline
by both wholesale and retail. Their tanks were so situated
to the Inland Electric road that the oil was carried from its
cars into the receiving tanks upon the premises by means
of pipes. The business cannot be carried on within the fire
limits of the city.

Counsel for the respondents was permitted, over the ap-
pellant's objection, to ask its expert witnesses the following
question on cross-examination:

"If a profitable oil business was carried on there, if it was
carried on for some time—I am not allowed to tell you how
much the profits were, but I will say it was a profitable busi-
ness for Mr. True, and by reason of its location in that dis-
trict in front of the Standard Oil Company doing business
in competition with the Standard Oil Company, and by rea-
son of its location on the Inland he was able to get car
loads of oil delivered to him when he could not unless he

was on the Inland, would that in any way add to the value
of the property?"

In overruling the objection, the court said that the ques-
tion was proper as a test of the qualification of the witness,
"and what he takes into consideration." It is argued that
there is no evidence to justify the hypothesis, and that hy-
pothetical questions are not permissible even upon cross-ex-
amination, unless based upon some evidence in the case.
The respondent True testified that he had not been able to
get any railroad other than the Inland to deliver oil to his
storage tanks on the lot. He also testified that his business
at certain seasons of the year is largely of a retail nature,
and that if the lot was appropriated, he would have to go out
a mile further from the business center of the city to get a
location on the Inland road. Relative to the elements of
damage in this respect, the court instructed the jury:

"And if you find from the evidence in this case that
the land sought to be condemned herein has been devoted to
any particular use or business by the owners thereof, the
defendants herein, and that they are now conducting said
business, and that said business so conducted by the owners
has been profitable, you should take that fact into considera-
tion in fixing the fair market value of the land. And you
are instructed that all the evidence admitted in this case
relating to the business of the defendants as conducted
upon the premises sought to be condemned, and the charac-
ter, nature and extent of such business, should only be con-
sidered by you in arriving at the question of what is the fair
market value of the premises to be condemned; and if you
find from the evidence in this case that no other location in
the city of Spokane can be had for the carrying on of said
business, or for the carrying on of said business with equal
profit, you may also consider that fact in arriving at a de-
cision as to the fair market value of the land sought to be
condemned."

The inquiry was within the instruction. Moreover, if the
jury believed the testimony of the respondent True, they
might well conclude that there was no other place in the

city where the respondents' business could be carried on "with equal profit"; and counsel had a right to inquire whether that aspect of the matter had been considered by the witness in fixing a value upon the property.

"Great latitude is allowed on the cross-examination of an expert witness. The cross-examiner is not confined to the theory of the direct examination, but, on the contrary, he may propound hypothetical questions, leaving out facts assumed on the direct examination and putting in such facts as he thinks the evidence establishes. Indeed, 'he may assume almost any state of facts' for the purpose of testing the knowledge of the witness and the weight of his evidence, and an appellate court will seldom interfere with the discretion of the trial court in permitting such questions." 2 Elliott, Evidence, § 1124.

"The trial judge has a large discretion in allowing cross-examination of witnesses where market value is involved, and where expert witnesses are resorted to to establish such value." *Seattle & Montana R. Co. v. Roeder*, 30 Wash. 244, 70 Pac. 498, 94 Am. St. 864.

The same rule is announced in the following authorities: 5 Ency. Evidence, p. 632; *Bever v. Spangler*, 93 Iowa 576, 61 N. W. 1072; *Taylor v. Star Coal Co.*, 110 Iowa 40, 81 N. W. 249; *Mileham v. Montagne* (Iowa), 125 N. W. 664.

Counsel was permitted to ask the respondent True: "Now, what oil do you handle as distinguished from Standard oil?" He answered, that he was engaged in the business of selling oil and gasoline at retail and wholesale; that he handled only the oil of independent companies, and that he was the only competitor of the Standard Oil Company doing a wholesale business in the city of Spokane. This is assigned as error. While we confess that we do not perceive the materiality of the testimony, as to the name of the respondents' competitor in business, we cannot think that the evidence worked such prejudice as to require a reversal. Appellate courts must assume that jurors, mindful of their oaths, will not be swept off their feet by the sound of a name. The

issue to be determined was the value of the lot sought to be condemned, measured by all its capabilities.

The respondent was permitted to testify as to the territory through which their business extended. This is assigned as error. It is argued that, in actions to condemn real estate, damages to the business carried on upon the premises taken are not recoverable by the owner of the property. A long line of authorities are cited in support of this view. On the other hand, the respondents have cited a line of authorities which they contend permit the consideration of the question of damages to business. Upon this question the court instructed the jury as follows: .

"And in this connection I charge you that, although evidence has been permitted to be introduced with reference to the business conducted upon the property here sought to be condemned, such evidence was admitted solely for the purpose of showing the use to which this property was adapted, and should be considered by you for such purpose only. And you are instructed that you are not to consider the volume or extent of such business, if any appear, or the profits, if any, as a measure of the market value of the property; neither should you take into consideration in determining the amount of damages to be awarded for the taking of the property condemned, any injury to such business or any loss of profits of such business, even if such injury or loss appear from the evidence. It is the property of the defendants, not their business, which is condemned by the petitioner, and it is for this property only that you are to award compensation."

There is no exception to the instruction, and there was no error in the admission of the testimony under the limitation placed upon it by the court.

A witness for the respondents was asked on cross-examination if he had ever heard of a sale in the vicinity of the respondents' property at the price he had placed upon it. He answered that he had; that he had bought a lot for $52,000, $25,000 cash and $27,000 in property. The appellant moved to strike this testimony, upon the ground that evi-

dence as to prices should be confined to sales for money, and that evidence as to trades or exchanges of property is not admissible. The motion was denied, the court stating: "It goes to the jury for what it is worth." We think, as limited by the court, the error, if any, was without prejudice. *Seattle & Montana R. Co. v. Gilchrist*, 4 Wash. 509, 30 Pac. 738.

A witness for the respondents testified on his direct examination that the property was worth $40,000 to $45,000. On cross-examination he said that if certain other property had been offered and listed at prices stated by the examiner, he would say that the value he had placed upon respondents' property was "high." But to what extent he did not state. On rebuttal the appellant sought to prove that the property referred to in his cross-examination had been offered and listed at the prices stated to the witness. Error is suggested in the rejection of the testimony. The purpose of rebutting testimony is, as counsel suggests, to repel or counteract the effect of evidence offered by the adverse party. We have, however, repeatedly held that it is not competent to prove what the owner has been offered for his property. *Williams v. Hewitt*, 57 Wash. 62, 106 Pac. 496. Nor is it competent to prove offers for adjacent or similar property, or the prices at which the owners have offered it for sale. 2 Lewis, Eminent Domain (3d ed.), § 666. Perhaps the chief vice of the proffered testimony is that it would open the case to collateral inquiry which might be pursued indefinitely.

In arguing the case to the jury, counsel for the respondents twice stated that the respondent had testified that he could not get cars delivered to him except on the Inland road. In answer to appellant's motion that the remark be stricken, the court said: "I instruct the jury again not to pay any attention to what counsel says, unless it agrees with their own recollection of the evidence." He later instructed the jury to the same effect. The respondents' testimony was that the roads, other than the Inland, would not deliver cars upon the prem-

ises sought to be appropriated. The trial judge cannot be expected to remember all the testimony in the case. The evidence was before the jury, and it was their province to determine, not only what the evidence was, but its weight and credibility as well. We think the court discharged its duty when, in response to the motion, it admonished the jury that, they must be guided in their deliberations by their own recollections of the evidence. Moreover, the inference reasonably deducible from a fact is as competent evidence as the fact itself, and counsel may properly point out and comment upon such inferences. It must be assumed that the argument falls upon the ears of reasonable and unprejudiced men. If this presumption may not be indulged, trial by jury is a travesty.

Finally, it is said that a new trial should have been granted because of the misconduct of counsel in pressing upon the attention of the jury the fact that the Standard Oil Company was favored by the railroads, and was the only competitor of the respondents in the wholesale trade. As we have said, the testimony that the Standard Oil Company was a competitor of the respondents was immaterial and should not have been admitted. It does not follow, however, that its admission or the comment of counsel thereon worked such prejudice as to require a reversal of the case. If it had been shown that John Smith was the competitor, we assume that it would not be contended that error resulted from that fact. We cannot judicially notice the fact that the name of the Standard Oil Company is so odious in this state that the mention of it would so inflame the minds of jurors that they would disregard their oaths and inflict their prejudices upon a litigant innocent of participation in the alleged sins of that company. A reasonable latitude must be allowed counsel in presenting a case to the jury. *Rangenier v. Seattle Elec. Co.*, 52 Wash. 401, 100 Pac. 842. If cases were reversed for every technical error, a jury trial would never end. We have repeatedly held that a case will not be reversed for error that, upon the entire record, does not appear to be prejudicial. The jury viewed the prem-

ises, and had an opportunity to observe for themselves the weight that should be given to the testimony of the respective witnesses.

The judgment is affirmed.

Fullerton, Mount, and Parker, JJ., concur.