Charles Hunter, by His Next Friend, Morris Harry,
Appellee, v. Egolf Motor Company, Appellant.

Gen. No. 8,414.

Heard in this court at the October term, 1931. ▮ Opinion filed July 22, 1932. Rehearing denied November 1, 1932.

WEIL, BARTLEY & WEIL, for appellant; HERBIG YOUNGE, of counsel.

WILLARD B. GASKINS, for appellee.

MR. JUSTICE JETT delivered the opinion of the court.

'On November 27, 1929, Charles Hunter, appellee, who prosecutes by his next friend, entered into a contract with Egolf Motor Company, a corporation, appellant, for the purchase of an Oldsmobile automobile for the sum of $1,141 and gave in part payment thereof one used. Dodge coupe at a value of $350, and paid in cash the sum of $140 and gave his note for the remainder of the purchase price of $651 payable in instalments at the rate of $47 per month beginning December 27, 1929. At the time of the sale appellee executed a conditional sales contract. Upon the execution of the contract appellant received the money and the used car of appellee, and delivered to him the Oldsmobile car.

On or about December 24, 1929, appellee, in accordance with the terms of the contract, remitted to the appellant the sum of $47 as a payment upon the said note under the terms and conditions of the agreement.

The conditional sales contract, by the terms thereof, provided that the legal title to the said car should not pass to the purchaser until paid for in full,

At the time of the making of the contract Charles Hunter, appellee, was a minor under 18 years of age, although he represented to appellant that he was 22 years of age. Appellant was and had been for some time a dealer in automobiles in the City of Peoria, Illinois.

About January 15, 1930, appellee experienced some difficulty with the operation of the Oldsmobile automobile and returned it to appellant, who made certain repairs thereon, namely, the placing therein of a piston and a key in the crank shaft.

Upon the completion of the repairs appellee called for the car and was presented with a bill for the repair thereof in the sum of $27. This he declined to pay because he claimed that the trouble he had experienced was a defect in the car and covered by the dealer's warranty thereon. Considerable argument took place between appellee and the manager and the foreman of the appellant company. Appellee was then directed to see another officer of the appellant company. After some discussion of the matter with such officer, appellee stated to the officer of appellant company that he was a minor and not bound by such contract and thereupon demanded the return of the money he had paid and the Dodge coupe he had delivered as part payment for the Oldsmobile. This appellant refused to do. Other conferences were had but the appellant retained the Oldsmobile as well as the money and the Dodge coupe and refused to return the money paid by appellee or the Dodge coupe.

Appellee, having repudiated his contract with appellant, filed a suit before a justice of the peace to recover the consideration he had paid upon such contract and appellant filed its counterclaim therein praying recoupment against the defendant for alleged damages in the sum of $551.40. The amount of this damage is alleged to be occasioned by the depreciation in the value of the Oldsmobile automobile and determined

by deducting its alleged market value at the time of its return from the contract sale price to appellee. After trial in the justice court an appeal was had to the circuit court of Peoria county where the cause was tried with a jury, which resulted in a verdict in the sum of $350 in favor of appellee (plaintiff).

Appellant filed its motion to set aside the verdict but such motion was overruled and judgment entered upon the verdict in favor of said appellee for the sum of $350. This appeal is prosecuted by the appellant.

There is little difference between the parties as to the facts in this cause. There is no doubt but that appellee was a minor at the time of the making of the contract and that he falsely represented to the appellant that he was 22 years of age.

The principal question arising on this record is: Can a minor falsely represent his age to a company for the purpose of making a contract of purchase and procure property under such contract and then be entitled to rescind the contract and recover the amount he has paid on the obligation? Similar questions have been before the courts of this country on various occasions and the decisions are not wholly uniform, yet the weight of modern authority is to treat all contracts with infants, except for necessaries, as voidable at the instance of the infant.

The general rule applicable to contracts, other than for necessaries, is that an infant is not liable thereon but is liable for his torts. In holding an infant liable for his torts the law is solicitous not to impair the immunity given him against liability upon his contracts. It has been said that the only satisfactory test is, Can an infant be liable for a tort without directly or indirectly enforcing his promise under a contract?

In *Hauser v. Marmon Chicago Co.,* 208 Ill. App. 171, the court, in a memorandum opinion, held that, "Minors, upon restoration of an automobile to the seller, although it has been used and has deteriorated

in value, are entitled to rescind the contract of sale and recover back that part of the purchase price which has been paid.''

The rule as announced in *Ashlock v. Vivell*, 29 Ill. App. 388, would seem to be that if a minor falsely represents his age to a person to buy something with the intention of never paying for it, then such act would be a tort and in such case an infant would not be relieved from the damage caused the other party by his tort, but if a minor falsely represents his age to another for the purpose of making a purchase with the intention of carrying out his contract, then his failure to carry out the contract is a breach of contract and not a tort and he cannot be held liable for the damage that he has caused. The court also, in its opinion in the same case, upon page 392, quoted with approval Cooley on Torts as follows: ''There are some cases, however, in which an infant cannot be held liable as for a tort, though on the same state of facts a person of full age and legal capacity might be. The distinction is this: If the wrong grows out of contract relations, and the real injury consists in the nonperformance of a contract into which the party wronged has entered with an infant, the law will not permit the former to enforce the contract indirectly, by counting on the infant's neglect to perform it or omission of duty under it as a tort. The reason is obvious. To permit this to be done would deprive the infant of that shield of protection which, in matters of contract, the law has wisely placed before him.''

The court also quoted Chancellor Kent (2 Kent's Com. page 277, 10th Ed.) as follows: ''The fraudulent act, to charge him, must be wholly tortious, and a matter arising *ex contractu,* though infected with fraud, cannot be changed into a tort in order to charge the infant in trover, or case, by a change in the form of the action.''

"While an infant is liable for his torts generally, where they have no basis in any contract relation, a matter arising *ex contractu,* though infected with fraud, cannot be changed into a tort to charge the infant by a change of the remedy, and a fraudulent act, to render the infant chargeable therewith, must be wholly tortious." *Collins v. Gifford,* 203 N. Y. 465; vol. 26 Am. and Eng. Ann. cases, 969.

"And so jealous is the law of the rights of infants, that where a tort is committed by an infant growing out of a contract the infant is not liable if the basis of the cause of action be contract." *Covault v. Nevitt,* 157 Wis. 113; vol. 39 Am. and Eng. Ann. cases, 959–962; 22 Cyc. 621; *Sikes v. Johnson,* 16 Mass. 389.

In the case at bar the evidence clearly establishes the fact that the automobile sold to appellee was not obtained by fraud but on the contrary was obtained as a result of a contract between the parties. This contract, as has been seen, was not a void contract but only voidable at the instance of the minor. It is apparent that the minor at the time of the making of such contract intended to fulfil the obligations thereof. He delivered his car and paid $140 in cash at the time of the making of such contract and thereafter duly paid the first instalment thereon, prior to its due date, to appellant. Before another instalment became payable the dispute arose between the parties—not as to any fraudulent act—but solely as to the rights of the parties under the terms and conditions of the contract between the parties. It must therefore be apparent that this controversy grows out of the contract and is not the result of a tortious act.

The exercise of a minor's right to disaffirm his contract may operate injuriously and sometimes unjustly against the other party, but the right exists for the protection of the infant against his own improvidence and may be exercised entirely in his discretion. (*Wuller v. Chuse Grocery Co.,* 241 Ill. 398.)

We hold the question arising on this record was not involved in the case of *Davidson v. Young*, 38 Ill. 145, cited by appellant.

It is urged by appellant that counsel for appellee made prejudicial remarks in his argument to the jury, while it is contended by appellee that the remarks of which complaint is made were brought on by prejudicial remarks of the counsel for appellant. Without expressing any opinion as to the origin of any improper remarks it appears that certain improper remarks were made by counsel on both sides of the case.

It is the unquestionable privilege of counsel to indulge in all fair argument in favor of the contentions of his client so far as the same is predicated upon the evidence in the case or inferable therefrom, but this privilege is not extended to include matters outside the record or to the remarks appealing to passion or prejudice of the jury.

Improper remarks by counsel in any case have no place in arguments to juries and such practice is and properly should be disapproved. In this case, however, we find that counsel on both sides of the case made improper remarks in their respective arguments and under such case neither is in a position to complain. *Kenna v. Calumet, H. & S. E. R. Co.*, 284 Ill. 301, page 312.

Appellant complains of the instructions bearing upon the measure of damages. We have examined the instructions in this case and find that the trial court was very liberal to appellant in its instructions to the jury.

Appellee has urged that some of the defendant's instructions were erroneous, but has assigned no cross error, so that the same cannot be considered. We fail to find that reversible error was committed in the trial of the cause.

The judgment of the circuit court is affirmed.

*Affirmed.*