PETERSON, Appellant, vs. GENERAL CASUALTY COMPANY OF WISCONSIN, Respondent.

*May 10—June 15, 1951.*

*Frank L. Morrow* of Eau Claire, for the appellant.

The cause was submitted for the respondent on the brief of *Stafford & Stafford,* attorneys, and *Robert F Pfiffner* of counsel, all of Chippewa Falls.

GEHL, J. We have recited only plaintiff's testimony because we conclude that upon his own story the jury properly found that he was causally negligent at least with respect to speed and the manner in which he controlled his car. Plaintiff, when he.was still one hundred feet east of the intersection, observed that the Wiernasz truck was entering it. He did not turn his car to the right or left in an effort to avoid a collision; he applied his brakes but they did not offer

enough resistance to the momentum of the car to enable him to stop. The latter fact was properly considered by the jury as evidence that, under the circumstances, he was driving at an excessive speed.

In view of the fact that there is ample testimony to support the jury's finding that plaintiff was guilty of causal negligence with respect to the manner in which he controlled his car and the speed at which he was driving, and since Wiernasz was exonerated in all respects, it is not necessary to review the finding that he was negligent with respect to lookout and yielding the right of way. Under those circumstances he is precluded from recovery.

Plaintiff complains that the court erred in its instructions with respect to the duty of drivers as to yielding the right of way. Since he was properly found guilty in other respects, and there was no occasion for comparison of negligence, if there was error in the charge he was not prejudiced thereby. He attacks the charge with the blanket statement that it "was error and grossly prejudicial to plaintiff" and was "misleading." This is an insufficient presentation and does not require us to determine whether there was error in the instructions. *Sherwood v. Hulett,* 134 Wis. 561, 114 N. W. 1111.

He contends that he was prejudiced by the court's failure to deter defendant's counsel in its effort to show, in the presence of the jury, the interest of plaintiff's collision insurer in the result of the litigation.

Plaintiff's counsel, instead of offering objection, participated in a discussion respecting the possible interest of plaintiff's collision insurance carrier. He is in no position now to complain. In any event, in view of his own story as to the manner in which the collision occurred, we do not consider that he was prejudiced by the incident.

We are satisfied that the result reached was a proper one and results in no injustice to plaintiff.

*By the Court.*—Judgment affirmed.