[No. 33920. Department Two. June 20, 1957.]

O. F. KRIEGER et al., *Appellants*, v. G. R. MCLAUGHLIN et al., *Respondents.*[1]

*Will G. Beardsley* and *John E. Belcher*, for appellants.

*Hennings & Shinn*, for respondents.

FOSTER, J.—There is here for review in this personal injury action an order granting a new trial on the sole ground of misconduct of counsel in his closing argument to the jury. The order, so far as material, is set out in the margin.[2]

---

[1]Reported in 313 P. (2d) 361.

[2]"FURTHER ORDERED that defendants' motion for a new trial be and the same is hereby granted on the sole ground that it was error for counsel for the plaintiffs to state to the jury in his closing argument that it is an age-old principle of law if an attorney does not call a witness to testify in support of his contention, you are to presume that if he were called, the testimony would be adverse to his contention and that it was error for the Court to have refused to instruct the jury to disregard this statement of counsel for the plaintiffs when requested so to do by counsel for the defendants."

Mr. Shinn, in his argument to the jury, first referred to the witness in question.[3] Then appellants' counsel replied in a passage set out in the margin.[4]

We do not have here a case in which the question was first injected by the appellant and a mistrial then claimed, or the court requested to instruct the jury to disregard the remark, or even requested to admonish counsel. Instead, the court was asked to excuse the jury until "We have a legal discussion," which request was denied; whereupon the error, if any, was cured, compounded and waived by Mr. Shinn, of respondents' counsel, who asked and was granted permission to explain to the jury his reasons for not calling the physician witness, which statement, so far as material, is set out in the margin.[5]

Upon that provocation, appellants' counsel thereafter made the statement paraphrased in the order granting a new trial. Appellants' argument, so far as material, is set out in the margin.[6]

Then, for the first time, respondent asked that the jury

---

[3] Respondents' counsel, in his argument to the jury, said the appellant did not have pain when she went to see Dr. Berge. . . .

"She didn't have pain when she went to see Doctor Berge. . . ." S. F. 44.

[4] ". . . Mr. Shinn said he wanted to call Doctor Berge. I ask you now, why didn't he? Is it because his testimony would not have been favorable to them? Their chosen doctor? There is no legal reason in the world why he shouldn't have called him unless this testimony would have been unfavorable." S. F. 50.

[5] ". . . The plaintiff's case was put on in such a way that it makes it legally unnecessary for me to call any witnesses and it is my opinion that it is misconduct for a lawyer to take up and inject a thing like that into a case when he knows very definitely it is clear and certain I had no chance to call doctors, and rightfully I didn't have to call doctors. I had them and they would have testified as the evidence on cross-examination, and I am saying this with the court's permission, and I want you to understand I had no opportunity to call these doctors because we did not elect to put on any evidence." S. F. 51, 52.

[6] ". . . and no one was called to refute the testimony given by Doctor Lewis even though counsel re-affirmed he had doctors standing by. Well, if he did have them standing by he didn't call them, and it is an age-old principle of law if an attorney doesn't call a witness to testify in support of his contention you are to presume that if he were called the testimony would be adverse to his contention." S. F. 54.

be instructed no such presumption existed, which the court declined to do. This belated request came too late, for respondent had already opened up the whole subject and waived the original error, if any. The record is silent as to any request for mistrial prior to the verdict, although during the jury's deliberation, respondents' counsel asserted he didn't move for a mistrial because he couldn't unless he got a ruling on his objection, but that the jury should be then called back and instructed.

■ Jury argumentation is not a one-way street, but misconduct of counsel is. One is not permitted to engage in argument to the jury on a forbidden subject and speculate upon a favorable verdict, and, when it is adverse, complain that he should have a new trial because the adversary argued the opposite side of the same question.

*Vesper v. Lavender*, 149 S. W. (Tex. Civ. App.) 377, decided if the plaintiffs' counsel referred to the defendant's failure to produce witnesses, the objection to such argument was waived by the defendant's counsel asking to be allowed to answer the question and make an explanation to the jury why such witnesses were not produced. Counsel may not argue a question to the jury and claim error when his adversary does likewise. Such argument by the complaining party waives the error, if any. *Madrona Grocery Co. v. Wallin*, 57 Wash. 136, 139, 106 Pac. 617; *Peterson v. General Cas. Co.*, 259 Wis. 370, 372, 48 N. W. (2d) 459; *Bryan v. Bryan*, 217 S. C. 555, 561, 61 S. E. (2d) 177; *Hunter v. Egolf Motor Co.*, 268 Ill. App. 1, 7; *United States v. Matory*, 71 F. (2d) 798, 799; *Gilliland v. R. G. Dunn & Co.*, 136 Ala. 327, 329, 34 So. 25; *Patton v. Lake*, 294 S. W. (2d) (Ky. App.) 917, 919.

After verdict, the matter was argued at length and a new trial was granted upon the authority of *McFarland v. Commercial Boiler Works*, 10 Wn. (2d) 81, 116 P. (2d) 288. That case decides in the event the defendant rests at the conclusion of the plaintiff's case without introducing any

evidence, it is error for the court to give an instruction[7] that the failure to call available witnesses raises an inference they would have testified adversely. But it does not hold, nor was there drawn in controversy, the right of counsel to comment upon such failure, and, indeed, the respondents in their brief do not cite any authority that such comment is misconduct, let alone that it is prejudicial misconduct requiring a new trial. [*cf. Bengston v. Shain*, 42 Wn. (2d) 404, 410, 255 P. (2d) 892].[8] While it is unnecessary to decide that issue upon the record brought here, there is a wealth of decisional law that if the plaintiff has made a *prima facie* case and the defendant declines to introduce evidence, the jury is entitled to infer the reason therefor is, if produced, such evidence would have been unfavorable.[9]

■ In argument to the jury, counsel is permitted a very wide sweep and is not confined to the very precise bounds which limit the court's instructions. Indeed, this court has said a reasonable latitude must be allowed counsel in arguing the case to his jury. *Chicago, Milwaukee & Puget*

---

[7] " 'Whenever it develops in the course of a trial that there are witnesses available to one party or the other who, if called, could testify to material facts favorable to such party, then if such party fails to call such witnesses, or to explain his failure so to do, you are justified in assuming that, if called, said witnesses would have testified adversely to the interest of such party.' "

[8] "Where relevant evidence which would properly be part of a case is within the control of the party whose interest it would naturally be to produce it, and he fails to do so without satisfactory explanation, the trier of the fact may draw the inference that such evidence would be unfavorable to him. *British Columbia Breweries v. King County*, 17 Wn. (2d) 437, 135 P. (2d) 870."

[9] *Beery v. Breed*, 311 Ill. App. 469, 36 N. E. (2d) 591. "There is no presumption against a defendant for failure to call witnesses, when the plaintiff, carrying the burden of proof, has not made a prima facie case, and such presumption cannot be used to relieve the plaintiff from the burden of proving his case. . . . On the other hand, where the plaintiff makes a prima facie case, the failure of the defendant to produce any evidence warrants the inference that the testimony would be unfavorable to him, . . . and may be considered by the jury. . . ."

*Petersen v. General Rug & Carpet Cleaners*, 333 Ill. App. 47, 77 N. E. (2d) 58; *Dommes v. Zuroski*, 350 Pa. 206, 38 A. (2d) 73; *Chicago & Western Indiana R. Co. v. Newell*, 113 Ill. App. 263; *Brawley v. Esterly*, 267 S. W. (2d) (Mo. App.) 655; *Brown v. Parker*, 167 Va. 286, 189 S. E. 339.

*Sound R. Co. v. True*, 62 Wash. 646, 652, 114 Pac. 515; *Rangenier v. Seattle Electric Co.*, 52 Wash. 401, 100 Pac. 842.[10]

■ Upon the record, the respondents' counsel waived any error by his own argument to the jury, and, therefore, the order granting a new trial is reversed and the cause remanded with instructions to enter judgment upon the verdict.

HILL, C. J., SCHWELLENBACH, DONWORTH, and ROSELLINI, JJ., concur.

[10]*Traders & General Ins. Co. v. Childers*, 95 S. W. (2d) (Tex. Civ. App.) 461.